IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OTC PHARMACEUTICAL PRODUCTS, INC.,
a Florida Corporation,                                          Case No.: 1:20-cv-21093-FAM

      Plaintiff,
v.
CENTRAL FREIGHT LINES, INC.,
a foreign corporation,

      Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

CENTRAL FREIGHT LINES, a foreign corporation, by and through undersigned counsel, serves its answer and affirmative defenses to Plaintiff's Complaint for Damages, (the "Complaint") by like numbered paragraphs as follows:

1. Without knowledge, therefore denied.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only. Defendant denies Plaintiff is entitled to any damages whatsoever.

4. Admitted.

5. Admitted for venue purposes only. Defendant denies that there were any acts or omissions giving rise to plaintiff's alleged claim.

6. Admitted for venue purposes only. Defendant denies the remaining allegations contained in paragraph 6 of plaintiff's complaint.

7. Denied.

8. Without knowledge, therefore denied.

## GENERAL ALLEGATIONS

9. Without knowledge, therefore denied.

10. Admitted.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. The document attached as Exhibit "B" to the complaint speaks for itself. The remaining allegations in paragraph 15 of the complaint are denied.

16. Without knowledge, therefore denied.

17. Denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. The document attached to the Complaint as Exhibit "C" speaks for itself. The remaining allegations in paragraph 20 of the complaint are denied.

21. The document attached to the Complaint as Exhibit "C" speaks for itself. The remaining allegations in paragraph 21 of the complaint are denied.

22. Denied.

23. Without knowledge, therefore denied.

24. The document attached to the Complaint as Exhibit "D" speaks for itself. The remaining allegations in paragraph 24 of the complaint are denied.

25. Denied.

26. Without knowledge, therefore denied.

27. Denied.

28. Admitted there was communication about the Claim. The remaining allegations in paragraph 28 of the complaint are denied.

29. Admitted that Defendant and OTC agreed to a settlement amount of $5,950.14. The remaining allegations in paragraph 29 are denied.

30. Admitted.

31. Denied.

32. Denied.

33. The statute speaks for itself. The remaining allegations in paragraph 33 are denied.

34. Denied.

### COUNT I – STRICT LIABILITY FOR LOSS OF SHIPMENT PURSUANT TO THE CARMACK AMENDMENT [49 U.S.C.§ 14706]

35. Defendant adopts and incorporates its answers to paragraphs 1 through 34 above as if set forth fully herein.

36. The statute speaks for itself. The remaining allegations contained in paragraph 36 of the complaint are denied.

37. The document speaks for itself. The remaining allegations contained in paragraph 37 of the complaint are denied.

38. Denied.

39. The document attached to the complaint as Exhibit "D" speaks for itself. The remaining allegations in paragraph 39 of the complaint are denied.

40. Denied.

41. Denied.

42. The statute speaks for itself. The remaining allegations in paragraph 42 of the complaint are denied.

WHEREFORE, having answered plaintiff's complaint, defendant requests plaintiff's complaint be dismissed in its entirety and plaintiff take nothing; and prays for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages. To the extent Plaintiff has failed to so mitigate damages, Plaintiff is barred and estopped from recovering damages from Defendant.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to the holdings in *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993); *Nash v. Wells Fargo Guard Services*, 678 So.2d 1262 (Fla. 1996) and *E.H.P. Corp. v. Cousin*, 654 So.2d 976 (Fla. 2d DCA 1995), Defendants expressly assert a "Fabre" defense regarding unknown entities and expressly reserves its right to amend and list these unknown entities as third parties if any are determined, as a result of discovery and investigation, to be responsible for the Plaintiff's alleged injuries and/or damages. If these other parties are determined to be liable to the Plaintiff, Defendants are entitled to the benefit of §§ 768.31 and/or 768.81, Florida Statues, and case law thereunder, with respect to the comparative fault and apportionment of damages between the Plaintiff and such others and to contribution among joint tortfeasors and/or such others that may be discovered and/or realized as a result of ongoing discovery and investigation. It may be determined that the acts of these other parties constituted a sufficient and independent intervening cause as to any acts or omissions on the part of Defendants and the acts of these other parties may be held to be beyond the foresight of a reasonably prudent person.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited to the amount referenced on Defendant's tariff for this cargo. Specifically, this plaintiff's cargo is classified as 57300 pursuant to the National Motor Freight Classification, Class 60, for which losses, if any are paid at $3.00 per pound. To the extend plaintiff seeks damages in excess of the published tariff, plaintiff is not entitled to such damages.

## FIFTH AFFIRMATIVE DEFENSE

The Bill of Lading No. 50122229401 states that there is a liability limitation for loss or damage to the shipment which may be applicable pursuant to 49 USC 14706(c)(1)(A) and (B). Plaintiffs were on notice of the liability limitation.

Respectfully Submitted,

KRISTI NEHER DAVISSON, PLLC

*/s/ Kristi Neher Davisson*
Kristi Neher Davisson
kdavisson@kndlawfirm.com
Florida Bar No. 152382
1110 N. Florida Avenue
Tampa, FL  33602
(813) 786-6979
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on May 11, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam J. Steinberg, Esq.

*s/ Kristi Neher Davisson*